[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13162
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cr-60256-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME FERNANDO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 8, 2021)

Before MARTIN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Jaime Fernando Sanchez, proceeding pro se, challenges the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c). After careful review, we affirm.

## I.

Sanchez is serving a 168-month sentence imposed after he pled guilty to conspiracy to commit mail and wire fraud in 2014. In June 2020, Sanchez sought compassionate release, arguing that a variety of factors constituted extraordinary and compelling reasons warranting his release. As relevant to this appeal, he argued that: (1) his medical conditions rendered him particularly vulnerable to COVID-19; and (2) his sentence was much harsher than comparable defendants, constituting an unwarranted sentencing disparity.

The district court denied Sanchez's motion. The district court reasoned first that it was bound by the extraordinary and compelling reasons listed in United States Sentencing Guideline § 1B1.13, which describes age, familial, and medical reasons that warrant release. And while Sanchez does have medical problems, including that he is a former smoker, HIV-positive, and suffers from "muscle wasting," those conditions do not qualify him for relief under the policy statement. Second, the district court explained that Sanchez's sentence did not reflect a sentencing disparity, because the ostensible comparator defendant was not eligible for the same enhancements as Sanchez and had benefited from a substantial

2

downward variance as recommended by the government.  This is Sanchez's appeal.

## II.

We review the district court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).   The district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of fact.  United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

Sanchez makes two arguments on appeal.  First, he says the district court abused its discretion when it found that his medical conditions did not warrant compassionate release.  Second, he says the district court erred in finding that he was not the victim of an unwarranted sentencing disparity.  We address each in turn.

First, a defendant's medical conditions present extraordinary and compelling reasons warranting compassionate release only when the conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the conditions.  USSG § 1B1.13 cmt. n.1(A)(ii).  The government has recognized that a number of conditions that would not ordinarily meet that

3

standard currently constitute extraordinary and compelling reasons warranting release as a result of the COVID-19 pandemic. These include numerous respiratory conditions, heart conditions, smoking, diabetes, and other chronic illnesses. But even taking into account these additional medical conditions, Sanchez does not meet the standard for compassionate release due to a medical condition. While he is a former smoker, there is no evidence that he currently smokes or has any underlying lung disease. Sanchez is HIV-positive, but he has not indicated that he is unable to provide self-care while incarcerated and his condition appears stable. Sanchez also notes that he is suffering from muscle wasting, but again does not explain how he is unable to provide self-care or how those conditions make him more vulnerable to COVID-19.

Second, the district court did not err when it determined that Sanchez did not suffer an unwarranted sentencing disparity. Sanchez argues that his sentence is similar to those of two defendants whose crimes resulted in much higher loss amounts than his own. At the same time, he points to another defendant whose loss amount was much closer to his and was sentenced to only 25 months' imprisonment. But when considering sentencing disparities, we cannot look at loss amount in a vacuum. And Sanchez ignores the aggravating factors in his case that differentiate him from defendants who received lower sentences. Most notably,

4

after pleading guilty, Sanchez breached his plea agreement by continuing his criminal activity, falsely implicating others, and destroying evidence.

Finally, to the extent Sanchez argues that the alleged sentencing disparity between him and other similar defendants constitutes an extraordinary and compelling reason warranting compassionate release, that is not a reason the district court can consider. As a panel of this Court recently held in United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021), the district court is limited to considering those "extraordinary and compelling" reasons outlined in Sentencing Guideline Policy Statement § 1B1.13 and the accompanying application note. Id. at 1252. And while the policy statement contains a provision allowing defendants to present "other" reasons unrelated to age, family, and medical conditions, those "other" reasons must be approved by the Bureau of Prisons ("BOP"). Id. at 1262–64. The purported sentencing disparity in Sanchez's case is neither an age, family, or medical condition, nor has BOP determined that it is an "other" reason warranting compassionate release. Therefore, even if Sanchez were correct that his sentence reflected an unwarranted sentencing disparity, that could not support his motion for compassionate release.

**AFFIRMED.**